SMITH, Justice:
Jack Warner and Quay Oswalt have appealed from a decree of the Chancery Court of Winston County denying an injunction sought by them to remove Charles Roper and his wife, Mrs. Charles Roper, from a certain dwelling on their land.
The suit was based upon a deed, a copy of which was annexed to the bill, executed by Mrs. Roper, (then Mrs. Richardson), and her husband, Sidney S. Richardson, on March 22, 1966. For a consideration of $1,000, Mr. and Mrs. Richardson conveyed to appellants 82 acres of land in Winston County comprising their homestead. The deed, however, contained this provision:
The grantors, Sidney S. Richardson and his wife, Mrs. Sidney S. Richardson, reserve the right to live in the residence on said land for IS years.
Shortly after the deed was executed, Sidney S. Richardson died. His widow remarried and appellee, Charles Roper, is her second husband. Roper lives with his wife, the former Mrs. Richardson, in the residence referred to above.
Both original and amended bills ignore the quoted provision in the deed and proceed upon the theory that it was wholly without effect and that they own the complete fee. On appeal, however, appellants argue that the right sought to be reserved or excepted was not an interest in land but amounted to no more than a revocable license or privilege. They contend that it was revoked by the death of Richardson, or the remarriage of his widow to Roper, or by demand made by them upon appellees to vacate the premises.
A general demurrer was interposed to the original bill and was sustained. The bill was then amended so as to seek the ouster from the residence of Roper only. Again a general demurrer was sustained and, appellants having declined or failed to amend or plead further, the suit was dismissed. The chancellor granted an appeal to this Court.
Appellants’ contention is to the effect that the quoted provision in the deed was not a property right but was only a revocable license which has been revoked, both in fact and by operation of law. They argue, therefore, that under the terms of the deed the complete fee passed to them as grantees and no right, title, estate or interest was retained by the grantors under the quoted language.
In a carefully considered and well reasoned opinion, the chancellor rejected these arguments and found that, by the express terms of the deed under which appellants claim, an estate for years was excepted from the grant and was retained by the grantors. He also rejected appellants’ argument that the remarriage worked a forfeiture, and pointed out that, in any event, there was no provision for forfeiture in the instrument.
Under the title Deeds, 26 C.J.S. § 137 (1956) et seq., there appears a lengthy dissertation upon the effect of reservations and exceptions and the common law distinction between them.
We will not burden the opinion by quoting at length from the article and here refer only to the following pertinent statement appearing at page 997:
[I]n general, a reservation, like an exception, is something to be deducted from the thing granted, narrowing and limiting what would otherwise pass by the general words of the grant, it is often difficult to distinguish between an exception and a reservation in a deed; the terms “reservation” and “exception” are often used interchangeably or indiscriminately and are not conclusive as to the nature of the provision, but the technical meaning mill give way to the manifest intent, even though the technical term to the contrary is used. (Emphasis added). [26 C.J.S. Deeds § 137 (1956)]
The significance of the principle, set out in the concluding lines of the quoted paragraph and supported by citation of authority, is that courts no longer concern them *536 selves primarily with making the nice distinctions between reservations and exceptions formerly made under the common law, but seek rather to give effect to the “manifest intent” of the parties as reflected by the instrument itself. Here we think it is manifest, if any meaning at all is to be given to the language employed, that the grantors intended to except (or reserve) from the grant, so that it would not pass to the grantees but would be retained by them, the right to continue for 15 years to live in the residence situated upon the land. The grantees accepted the deed with this clear expression of intent of the grantors to withhold or reserve or except this right appearing on its face.
We must assume that the $1,000 paid for this 82 acre residential property was arrived at in consideration of the retention by the grantors of the right to occupy the dwelling for 15 years.
The right to “live in the residence” is capable of only one construction, it was the right to make the residence a home. If the reservation of this right is to have any practical value and is not to be barren or useless, certain incidental rights and privileges necessary for the ordinary use and enjoyment of the residence are implicit on it. For instance, there must be a reasonable right of ingress and egress, the right to the use of the proper curtilage of the dwelling house, as well as the right to have living in the home members of the immediate family, including, in this case, appellee Roper, the second husband.
The actions of the chancellor in sustaining the demurrer and in entering the decree dismissing the bill, as amended, were correct. The decree appealed from is, therefore, affirmed.
Affirmed.
RODGERS, P. J., and PATTERSON, INZER and ROBERTSON, JJ„ concur.